Dear Rep. Schneider and Mr. Stockstill:
You each requested the opinion of this office concerning the Deferred Retirement Option Plan ("DROP") accounts administered by the Firefighters' Retirement System ("FRS").
The DROP plan for FRS was established at R.S. 11:2257, et seq., which provides in pertinent part, as follows:
 A. In lieu of terminating employment and accepting a service retirement allowance under R.S. 11:2256, any member of this system who has not less than twenty years of creditable service and who is eligible to receive a service retirement allowance may elect to participate in the deferred retirement option plan and defer the receipt of benefits in accordance with the provisions of this Section.
* * *
 E. Upon the effective date of the commencement of participation in the plan, membership in the system shall terminate and neither employee nor employer contributions shall be payable. For purposes of this Section, compensation and creditable service shall remain as they existed on the effective date of commencement of participation in the plan. The monthly retirement benefits that would have been payable, had the member elected to cease employment and receive a service retirement allowance, shall be paid into the deferred retirement option plan account. Upon termination of employment, deferred benefits shall be payable as provided by Subsection H.
F. * * *
 (2) After a person who participates in this program has terminated his employment which makes him eligible to be a member of this system, his individual account balance in the plan shall earn interest at a rate equal to the percentage rate of return of the system's investment portfolio, less the cost of merger notes, as certified by the actuary in his yearly evaluation report, less the cost of administering the Deferred Retirement Option Plan program to be determined annually by the board of trustees, said interest to be credited to his individual account balance on an annual basis.
 G. The deferred retirement option plan account shall not be subject to any fees, charges, etc., of any kind for any purpose.
* * *
 K. (3) Upon termination of employment, he shall receive an additional retirement benefit based on his additional service rendered since termination of participation in the fund, using the normal method of computation of benefit . . . (Emphasis added)
Your first question is:
 Does the term "earn" in the clause "shall earn interest" mean that FRS can only credit interest in year's in which the system does in fact "earn" a positive rate of interest and thereby preclude any action in a year in which the system does not earn interest?
It is the opinion of this office that there is no requirement for the FRS to credit interest which it did not earn.
Your second question is:
 Does the clause "shall earn interest at a rate equal to the percentage rate of return of the system's investment portfolio" mean that FRS must deduct funds from individual members' DROP accounts in any year in which the system's portfolio experiences a loss of value? For example, the system had a negative 2.9% investment experience for fiscal year 2000-2001.
This question must be answered in the negative. The participant's sub accounts are retirement benefits. La. Const. Art. X, Sec. 29(E) states in pertinent part as follows:
 The accrued benefits of members of any state or statewide public retirement system shall not be diminished or impaired. (Emphasis added)
Thus the system cannot take action which would cause the accrued benefits of the members of the system to be diminished. We are of the opinion that deducting funds from individual members' DROP accounts because the system's portfolio experiences a loss of value, would diminish the accrued benefits of members of the systems, and thus be contrary to the constitution.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH
DATE RELEASED: May 23, 2002